Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
16444 Paramount Blvd., Suite 205
Paramount, CA 90723
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
JASON SCOTT

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JASON SCOTT,<br><br>Plaintiff;<br><br>v.<br><br>ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC;<br><br>Defendant. | Case No.: 2:20-cv-3275<br><br>**COMPLAINT**<br><br>1. **Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**<br>2. **Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq.** |

JASON SCOTT (Plaintiff), by his attorneys, WESTGATE LAW, hereby alleges and states as follows:

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles County, California.

7. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

8. Defendant Advance America, Cash Advance Centers or California, Inc. is a business entity with a principal place of business in Spartanburg, SC.

9. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c), and sought to collect a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

11. In 2019, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing on a personal loan.

12. Plaintiff's alleged debt arose from a consumer credit transaction.

13. In 2019, Defendant constantly and continuously placed collection calls to Plaintiff's cellular phone ending in -1438.

14. Defendant placed collection calls from numbers including, but not limited to, (844) 437-4315, (323) 210-1099, (424) 465-5036, (424) 465-5037, (562) 295-5085, (562) 295-5086, (562) 295-5087, and (562) 674-1052.

15. On or around September 24, 2019, Defendant placed a collection call to Plaintiff.

16. In the course of the collection call on or around September 24, 2019, Plaintiff spoke with Defendant's representative, "Dee" and requested that Defendant cease calling his cellular telephone.

17. Despite Plaintiff's request to cease calling, Defendant's communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including placing multiple collection calls in the same day. As an illustrative example, and not one of limitation, Defendant placed at least eighty-five (85) automated collection calls to Plaintiff's cell phone despite Plaintiff's request to cease such calls.

18. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and

enforcing the TCPA and the TCPA regulations.

19. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

20. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

21. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

22. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS or an artificial or prerecorded voice, that consent was subsequently revoked by Plaintiff. On several occasions, Plaintiff revoked consent by demanding that Defendant's calls cease.

23. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

24. Defendant is not a tax exempt nonprofit organization.

25. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling.

## FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788

30. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

31. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For statutory damages to the extent permitted by law;
2. For punitive damages to the extent permitted by law;
3. For pre-judgment interest to the extent permitted by law;
4. For injunctive relief as permitted by law;
5. For an award of Plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing, and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

Date: April 8, 2020

RESPECTFULLY SUBMITTED,

By: /s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff,
JASON SCOTT